PAUL J. BEARD II (State Bar No. 210563)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:   213-576-1000
Facsimile:   213-576-1100
E-mail:       paul.beard@alston.com

Counsel for Plaintiffs
BETTER HOUSING FOR LONG BEACH;
JOANI WEIR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| BETTER HOUSING FOR LONG BEACH; JOANI WEIR, an individual, | Case No.: 2:19-CV-08861 |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| CITY OF LONG BEACH; GAVIN NEWSOM, in his official capacity as Governor of the State of California, | |
| Defendants. | |

Plaintiffs BETTER HOUSING FOR LONG BEACH and JOANI WEIR, by and through the undersigned counsel, bring this Complaint for Declaratory and Injunctive Relief against Defendant CITY OF LONG BEACH and Defendant GAVIN NEWSOM, in his official capacity as the Governor of the State of California, and allege as follows:

## **INTRODUCTION**

1.      On July 11, 2019, Defendant CITY OF LONG BEACH passed the "Tenant Relocation Assistance Ordinance" (hereinafter, the "Ordinance"). With limited exceptions not applicable to Plaintiffs, the Ordinance requires an Owner to pay to a tenant the equivalent of two months' rent for a unit of similar size in the City (up to $4,500) as the condition of exercising her right to terminate a tenancy and repossess her property. The

- 1 -

payment must be made without regard to the tenant's income, actual relocation costs, or proof that the payment is actually applied to relocation expenses.

2.     Shortly thereafter, the California Legislature passed, and Defendant GAVIN NEWSOM signed into law, the so-called "Tenant Protection Act of 2019" (hereinafter, "Assembly Bill 1482" or "AB 1482"). With limited exceptions not applicable here, AB 1482 requires (among other things) that an Owner pay a tenant one month's rent—characterized by the law as "relocation assistance"—as the condition of exercising her right to terminate a tenancy and repossess her property. Like the City Ordinance, AB 1482 requires that payment be made without regard to the tenant's income, actual relocation costs, or proof that the payment is actually applied to relocation expenses.

3.     The relocation-payment provisions of both the Ordinance and AB 1482 apply to Owners within the City's jurisdiction, including Plaintiffs. AB 1482 applies to more tenants in the City than the Ordinance. But the Ordinance requires higher relocation payments when it does apply.

4.     As explained in greater detail below, the relocation-payment provisions of both the Ordinance and AB 1482 violate the state and federal constitutional rights of Plaintiffs and similarly situated rental-housing owners in the City, and should therefore be declared as such and enjoined from enforcement.

## JURISDICTION AND VENUE

5.     The claims in this action arise from unconstitutional actions taken by Defendants under color of state law, in violation of (a) the Fourth and Fifth Amendments to the United States Constitution, as incorporated against state and local governments by the Fourteenth Amendment, and (b) the Due Process Clause of the Fourteenth Amendment. Consequently, this Court has original jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. The Court also has supplemental jurisdiction over related California-law claims under 28 U.S.C § 1367.

6.     The Court may grant declaratory relief under 28 U.S.C. § 2201.

7.     Venue is proper in this Court, because the claims concern the actions and

- 2 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

omissions of Defendant CITY OF LONG BEACH, and because Plaintiffs (including members of Plaintiff BETTER HOUSING FOR LONG BEACH) own properties in the City that are subject to the City ordinance and AB 1482.

## **PARTIES**

8.     Plaintiff BETTER HOUSING FOR LONG BEACH ("Better Housing") is a grass-roots, nonprofit, member organization incorporated under the laws of California, and representing the interests of rental-housing owners in the City of Long Beach. Its mission includes advocating for, and vigorously defending, the rights of individuals who own rental-housing properties in the City of Long Beach. Members of Better Housing own rental-housing properties that are not exempt from the relocation-payment mandates of the Ordinance and AB 1482 (hereinafter referred to as "nonexempt Owners"). The Ordinance and AB 1482 have affected some members' ability to plan for the management and disposition of their units, because they must now consider the financial penalty (i.e., relocation payment) that they must pay for the right to repossess those units.

9.     Plaintiff JOANI WEIR is the founder and President of Better Housing, and a member thereof. She owns multiple rental properties in the City of Long Beach, including two four-unit buildings at 421 St. Louis Avenue and 4620 E. 4th Street that are subject to the relocation-payment provisions of the Ordinance and AB 1482. In direct response to the unconstitutional burdens imposed by those laws, Ms. Weir has been forced to incur significant costs to change her rental-business model, including by converting one of her rental units (at 4620 E. 4th Street) into a furnished, extended-stay apartment. Further, the application and enforcement of the Ordinance, and the imminent application and enforcement of AB 1482, have chilled her present ability to plan for the management and disposition of remaining affected units, because she must now consider the financial penalty (i.e., the relocation payment) she must pay for the right to repossess one of those units.

10.     Defendant CITY OF LONG BEACH is a municipal corporation incorporated under the laws of the State of California. The City enacted the Ordinance, and is responsible for its administration and enforcement.

- 3 -

11.     Defendant GAVIN NEWSOM is sued in his official capacity as Governor of the State of California. He signed into law AB 1482 and is charged with its execution. (Cal. Const. art. V, § 1) (The Governor is charged with "executive power" of California, including the responsibility to "see that the law is faithfully executed.")).

## FACTUAL ALLEGATIONS

12.     On July 11, 2019, a divided Long Beach City Council voted to adopt the "Tenant Relocation Assistance Ordinance" (Ordinance No. 19-0014), adding Chapter 8.97 to Title 8 (Health and Safety) to the City's Municipal Code.

13.     When a "trigger[ing]" event occurs (defined below), the Ordinance mandates that a "[l]andlord shall make a relocation payment to a tenant in an amount equal to two months of the respective payment standard by number of bedrooms averaged across all Long Beach zip codes in the then-current Payment Standards/Small Area Fair Market Rents published by the Housing Authority of the City of Long Beach as the same may be updated from time to time, provided that in no case shall any relocation payment exceed Four Thousand Five Hundred Dollars ($4,500)." (Long Beach Municipal Code ("LBMC") § 8.97.030(A)).

14.     Events that trigger the mandated relocation payment consist of the following: "1. Tenant receives a notice or notices of a rent increase for the same unit which totals ten percent (10%) or more in any twelve (12) consecutive month period, and tenant does not thereafter provide landlord with written notice of its intent to stay in the unit at the increased rent within fourteen (14) days after receipt of the subject rent increase notice. 2. Tenant receives a notice to terminate tenancy from landlord due to landlord's rehabilitation of tenant's unit. 3. Tenant in good standing receives a notice of non-renewal or notice to vacate from landlord." (LBMC § 8.97.030(B)).

15.     As of January 1, 2019, the payment standards are as follows: studio—$2,706; one bedroom—$3,325; two bedrooms—$4,185; three or more bedrooms—$4,500. The standards are updated annually.

- 4 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

16. The payment mandated by the Ordinance must be made regardless of the fact that an existing lease or rental agreement may not contemplate or allow it. It must be made regardless of the tenant's income or ability to afford relocation costs. Further, the relocation-payment amount set by the Ordinance is arbitrary, as it is not tied to the costs of relocation. Finally, the tenant need not use the payment for relocation expenses. The tenant may use the payment for any private purpose whatsoever.

17. There are limited exceptions to the "relocation payment" requirement": "A. Landlord seeks to recover possession of the unit for the sole purpose of making the unit available for occupancy by: (1) landlord, if landlord is a natural person, or (2) a family member of landlord, and such unit is actually thereafter occupied by landlord or a family member. B. Landlord seeks to recover possession of the unit in order to comply with a governmental agency's order to vacate the building housing the unit due to a natural disaster or other act of God. C. The unit is subject to recorded rental affordability restrictions. D. Landlord is a natural person and occupies a unit as landlord's primary residence in the same building as tenant's unit. E. Landlord owns only one (1) residential rental housing building in the City of Long Beach, and that building consists of exactly four (4) units. F. The unit received its certificate of occupancy after February 1, 1995." (LBMC § 8.97.040).

18. Failure to make the required "relocation payment" exposes the Owner to civil liability, including damages in the amount of the relocation payment, a civil penalty in the amount of $1,000, and/or attorneys' fees and costs as determined by a court. Further, failure to make the required "relocation payment" provides the tenant with an affirmative defense in any legal action brought by the Owner to recover possession of the unit. (LBMC § 8.97.060).

19. Owners must notify the City on required forms when a relocation payment is made and when an entire building is vacated.

20. Plaintiffs submitted timely written and oral comments opposing the Ordinance, on constitutional and other grounds, before the City Council adopted it. The Ordinance became effective on August 1, 2019.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

21.    The California State Senate and Assembly followed suit and passed AB 1482 on September 10 and 11, 2019, respectively. On October 8, 2019, Defendant GAVIN NEWSOM signed the bill into law. The law goes into effect on January 1. The bill adds §§ 1946.2, 1947.12, and 1947.13 to the California Civil Code. The bill can be accessed at: https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=201920200AB1482.

22.    AB 1482 imposes requirements on Owners intended to make it more difficult for them to exercise their right to repossess their properties, and to penalize them when they do. The bill provides that, "after a tenant has continuously and lawfully occupied a residential real property for 12 months, the owner of the residential real property shall not terminate the tenancy without just cause." The bill defines "just cause" as either "at-fault just cause" or "no-fault just cause."

23.    "At-fault just cause" arises when, among other things, a tenant defaults on the payment of rent; breaches a material term of his lease; maintains, commits, or permits a nuisance; or engages in criminal activity on the property.

24.    Relevantly to this case, "no-fault just cause" arises under the following circumstances: (A) the Owner's "[i]ntent to occupy the residential real property by the owner or their spouse, domestic partner, children, grandchildren, parents, or grandparents"; (B) the Owner's "[w]ithdrawal of the residential real property from the rental market"; (C) "[t]he owner complying with" any government or court order to vacate the unit (where the tenant is not at fault for creating the condition(s) necessitating such order), or with any local ordinance requiring that the unit be vacated; and  (D) the Owner's "[i]ntent to demolish or to substantially remodel the residential real property."

25.    With few exceptions not applicable here, an Owner must pay a significant sum of money for the right to repossess a unit for "no-fault just cause." The Owner has the choice of either (a) "[a]ssist[ing] the tenant to relocate by providing a direct payment to the tenant" in the amount of "one month of the tenant's rent that was in effect when the owner issued the notice to terminate the tenancy," or (b) [w]aiv[ing] in writing the payment of rent for the final month of the tenancy, prior to the rent becoming due."

- 6 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

26.     The payment mandated by AB 1482 must be made regardless of the fact that an existing lease or rental agreement may not contemplate or allow it. It must be made "regardless of the tenant's income" or ability to afford relocation costs. Further, the relocation-payment amount set by AB 1482 is arbitrary, as it is not tied to the costs of relocation. Finally, the tenant need not use the payment for relocation expenses. The tenant may use the payment for any purpose whatsoever.

27.     An Owner's "failure to strictly comply" with the relocation-payment mandate "render[s] the notice of termination void." In other words, an Owner may not repossess her property unless and until the Owner fully complies with the relocation-payment mandate.

28.     Unless Plaintiffs obtain the relief sought in this Complaint, Plaintiffs will continue to suffer actual and threatened injuries as the result of the relocation-payment provisions of the Ordinance and AB 1482, as described in paragraphs 8 and 9 above.

29.     Unless the Ordinance and AB 1482 are enjoined, Plaintiffs and similarly situated rental-housing owners in the City of Long Beach will be prevented from repossessing their properties without having to make a burdensome and illegal payment to tenants, and their decisions concerning the management and disposition of their units will continue to be affected, at significant financial cost to them.

30.     Plaintiffs have no adequate remedy at law, and immediate equitable relief is needed to ensure that the relocation-payment provisions of the Ordinance and AB 1482 are not applied and enforced against Plaintiffs and similarly situated rental-housing owners, at substantial cost to them.

## FIRST CLAIM FOR RELIEF

### (Ordinance's Violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution)

31.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

32.     As described in detail below, the Ordinance violates the Takings Clause of the Fifth Amendment to the United States Constitution, made applicable to local

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

governments by the Fourteenth Amendment. (*Chicago, B. & Q.R. Co. v. Chicago* (1897) 166 U.S. 226, 17 S. Ct. 581, 41 L. Ed. 979 (1897)).

### A.    The Ordinance Violates the Public Use and Just Compensation Clauses of the Takings Clause

33.    The Takings Clause prohibits the government from taking private property unless (a) it is for a "public use" and (b) "just compensation" is paid to the owner. (U.S. Const. amend. V & XIV; *see also Brown v. Legal Foundation of Wash.* (2003) 538 U.S. 216, 231-232 (making clear the Clause's two separate requirements)). If the government "fails to meet the 'public use' requirement," then "that is the end of the inquiry"—"[n]o amount of compensation can authorize such action." (*Lingle v. Chevron U.S.A. Inc.* (2005) 544 U.S. 528)). As the United States Supreme Court has explained: "it has long been accepted that the sovereign" (the government) "may not take the property of A for the sole purpose of transferring it to another private party B." (*Kelo v. City of New London* (2005) 545 U.S. 477). "Nor would the [government] be allowed to take property under the mere pretext of a public purpose, when its actual purpose was to bestow a private benefit." (*Id.* at 478). If a taking is designed simply "to benefit a particular class of identifiable individuals"—here, tenants whose units are lawfully repossessed by Owners—then the taking is not for a "public use" and is therefore unconstitutional. (*Id.*) Significantly, takings with only an "incidental" public benefit "are forbidden by the Public Use Clause." (*Id.* at 490 (Kennedy, J., concurring)).

34.    Unconstitutional takings commonly arise in the context of the government attempting to take land or other real-property interests. But that is not the extent of the Takings Clause's reach. When "the demand for money . . . operate[s] upon . . . an identified property interest by directing the owner of a particular piece of property to make a monetary payment," the Takings Clause applies. (*Koontz v. St. Johns River Water Mngmt. Distr.* (2013) 570 U.S. 595, 613; *see also Horne v. Dep't of Agriculture*, 135 S.Ct. 2419, 2425-26 (2015) (holding that Takings Clause protects against uncompensated takings of personal, as well as real, property)).

- 8 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

35.    The Ordinance in this case violates the Public Use Clause of the Takings Clause. It requires the payment of money from one private party (a nonexempt Owner) to another private party (a tenant). It allows the recipient tenant to use the money for any private purpose. And it does so, not as part of any general public-benefit program, but to financially benefit a select class of individuals, including tenants who are financially better off than Owners. The Ordinance effectuates a purely private taking for a private purpose, thereby violating the Public Use Clause.

36.    The Ordinance also violates the Just Compensation Clause, because it contains no provision for compensating or otherwise mitigating the impacts to Owners of the forced relocation payments.

**B.    *The Ordinance Imposes an Unconstitutional Condition***

37.    Even if the Ordinance effected a taking of private property for a public use or purpose, it still is unconstitutional under the "unconstitutional conditions" doctrine, as applied in the context of the Takings Clause. Under that doctrine, the City may not condition a person's right or privilege to repossess a unit on the relinquishment of money payable to the affected tenant unless the City is able to demonstrate that the public's need for that property bears an "essential nexus" and "rough proportionality" to actual, *public* impacts associated with exercise of that right or privilege; if the condition fails either standard, it effects an unconstitutional taking of private property—or, in the words of the United States Supreme Court, an "out-and-out plan of extortion." (*Nollan v. California Coastal Comm'n* (1987) 483 U.S. 825, 837 (if a condition does not meet the "essential nexus" test, it constitutes an "out-and-out plan of extortion"); *Dolan v. City of Tigard* (1994) 512 U.S. 374, 391 (articulating the "rough proportionality" test); *see also Koontz*, 570 U.S. 595 (applying the unconstitutional-conditions doctrine to takings of money)).

38.    Requiring a nonexempt Owner to make a significant payment to a displaced tenant under the Ordinance bears no essential nexus or rough proportionality to any conceivable public impacts caused by the Owner.

39.     First, any impact that an Owner's repossession of a unit may cause a tenant is of a purely *private* nature. The City has not shown (and cannot show) that repossession has City-wide impacts on the *public* justifying the forced transfer of money from Owners to tenants.

40.     Second, to the extent the City relies on the vague concept of "housing instability" or tenants' inability to pay relocation expenses to justify the Ordinance's forced relocation payments, the City has not shown (and cannot show) that Owners are the cause of such "instability" or inability to pay. A number of external factors outside any particular Owner's control shapes the market for rental housing and the Owner's ultimate repossession of a unit, including market rents and the need to rehabilitate a unit to improve the quality of housing that can be offered to prospective renters. (*See, e.g., Levin v. City & County of San Francisco*, 71 F.Suppp.3d 1072 (N. Cal. 2014) (striking down law requiring owners to pay tenants to vacate, in part because owners are not cause of rental market instability)). Nor are Owners the cause of tenants' inability to pay relocation expenses; other factors, such as the labor market and the cost of living, may cause or contribute to a tenant's inability to pay relocation expenses. The "nexus" test requires that the forced relinquishment of an Owner's property (in the form of a relocation payment) as the condition of her exercising a right or privilege be premised on public impacts caused by that Owner—not by circumstances and factors outside the Owner's control.

41.     Third, even if there were an essential nexus, no rough proportionality exists between any alleged impacts on tenants and the relocation-payment amount. The relocation payment is tied to the average rent, for two months, for a similarly sized unit in the City. It is not tied to the cost to tenants of relocating, or to the alleged inability of tenants to pay for relocation expenses.

### SECOND CLAIM FOR RELIEF

### (Ordinance's Violation of the Takings Clause of the California Constitution)

42.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

43. The California Constitution provides that "[p]rivate property may be taken or damaged" only for "a public use." (Cal. Const. art. I, § 19(a)). The California Supreme Court has broadly defined "public use" as "a use which concerns the *whole community* or promotes the *general* interest in its relation to any legitimate object of government." (*Bauer v. County of Ventura* (1955) 45 Cal.2d 276, 284 (emphasis added); *Council v. San Benito County Governments v. Hollister Inn, Inc.* (2012) 209 Cal. App. 4th 473, 494 (same)).

44. The Ordinance mandates a private taking for the private benefit of a small class of private individuals. It is not designed to benefit, and does not concern, "the whole community." And it does not promote "the general interest" of the public at large. (*Bauer*, 45 Cal.2d at 284; *Hollister Inn*, 209 Cal. App. 4th at 494).

45. Consequently, the Ordinance violates the "public use" requirement of the state Takings Clause of Article 1, section 19, of the California Constitution.

### THIRD CLAIM FOR RELIEF

### (Ordinance's Violation of the Seizure Clause of the Fourth Amendment to the U.S. Constitution)

46. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

47. The Fourth Amendment to the United States Constitution, also made applicable to local governments via the Fourteenth Amendment, protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable . . . seizures." (U.S. Const. amend. IV). That constitutional protection reaches personal property, such as money. (*Lavan v. City of L.A.*, 693 F.3d 1022 (9th Cir. 212) (applying "seizure" provision of the Fourth Amendment to individual's personal property)).

48. The Ordinance requires a nonexempt Owner who wishes to repossess his property to first pay the tenant two months' rent, up to $4,500, for the right or privilege to do so.

49. The Ordinance mandates the seizure of nonexempt Owners' money for transfer to third parties (tenants), and it does so arbitrarily and capriciously, without any legitimate public purpose.

- 11 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

50.     Consequently, the Ordinance effects an unreasonable seizure of personal property in violation of the Fourth Amendment.

## FOURTH CLAIM FOR RELIEF

### (Ordinance's Violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution)

51.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

52.     The Due Process Clause of the Fourteenth Amendment bars government action that does not substantially advance a legitimate state interest, and is arbitrary and irrational. (U.S. Const. amend. XIV; *Lingle*, 544 U.S. at 542). As the Supreme Court explained, "[t]he 'substantially advances' formula suggests a means-ends test: It asks, in essence, whether a regulation of private property is effective in achieving some legitimate public purpose. . . . [A] regulation that fails to serve any legitimate governmental objective may be so arbitrary or irrational that it runs afoul of the Due Process Clause." (*Lingle*, 544 U.S. at 542).

53.     Nonexempt Owners under the Ordinance, including Plaintiffs, have a protected property right or interest in their personal property, including their money, and in their real property, including their rental-housing properties in the City.

54.     The Ordinance mandates that nonexempt Owners either convey personal property to tenants (up to $4,500) or forgo their right to repossess their own properties. The relocation-payment mandate results in the transfer of private property from one private party to another private party, for the latter's private benefit, and with no conceivable legitimate state purpose. The Ordinance applies retroactively to nonexempt Owners, with no regard to the terms of existing leases and rental agreements that neither contemplate nor provide for such relocation payments. The Ordinance does so without any requirement or condition that tenants use the payment for relocation costs.

55.     The Ordinance does not promote a legitimate state interest and, even if it did, the Ordinance does not substantially advance it. Instead, the Ordinance retroactively and substantially damages Plaintiffs' property rights in order to confer a private benefit on a

class of private interests; is arbitrary and capricious; and, therefore, violates the substantive due process rights of Plaintiffs and similarly situated property owners.

## FIFTH CLAIM FOR RELIEF

### (AB 1482's Violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution)

56.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

A.     *AB 1482 Violates the Public Use and Just Compensation Clauses of the Takings Clause*

57.     AB 1482 violates the federal Public Use Clause of the Takings Clause of the Fifth Amendment to the U.S. Constitution, made applicable to the states by the Fourteenth Amendment.

58.     AB 1482 requires the payment of money from one private party (a rental-housing Owner) to another private party (a tenant). It allows the recipient tenant to use the money for any private purpose. And it does so, not as part of any general public-benefit program, but to financially benefit a select class of individuals, including tenants who are financially better off than Owners. In sum, AB 1482 effectuates a purely private taking for a private purpose, thereby violating the Public Use Clause.

59.     AB 1482 also violates the Just Compensation Clause of the Takings Clause, because it contains no provision for compensating or otherwise mitigating the impacts to Owners of the forced relocation payments.

B.     *AB 1482 Imposes an Unconstitutional Condition*

60.     The unconstitutional-conditions doctrine prohibits the government from conditioning a person's right or privilege on the relinquishment of her property, including money, unless the government establishes an essential nexus and rough proportionality between the condition and the public impacts caused by the person's exercise of said right or privilege. (U.S. Const. amends. V, XIV; *see also Nollan*, 483 U.S. 825; *Dolan*, 512 U.S. 374).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

61. As the condition of exercising her right to effectuate a "no-fault just cause" repossession of her property, AB 1482 requires a nonexempt Owner to pay one month's rent to the tenant.

62. For the same reasons described above with respect to the Ordinance's relocation-payment condition, the relocation-payment condition under AB 1482 bears no essential nexus or rough proportionality to any conceivable public impacts caused by the Owner. Nonexempt owners cause no public impacts as the result of their decision to repossess their units, and, even if they did, the relocation-payment amount is untethered and disproportionate to any such public impact.

63. Consequently, the relocation-payment condition under AB 1482 is unconstitutional under the unconstitutional-conditions doctrine, as applied in *Nollan*, *Dolan*, and *Koontz* in the context of the Takings Clause.

### SIXTH CLAIM FOR RELIEF

### (AB 1482's Violation of the Takings Clause of the California Constitution)

64. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

65. As the condition of repossessing rental property under its "no-fault just cause" provision, AB 1482 mandates a private taking from a nonexempt Owner, for the private benefit of a member of a small class of private individuals (tenants).

66. The relocation payment is not designed to benefit, and does not concern, "the whole community." And it does not promote "the general interest" of the public at large. (*Bauer*, 45 Cal.2d at 284; *Hollister Inn*, 209 Cal. App. 4th at 494).

67. Consequently, AB 1482's relocation-payment mandate violates the "public use" requirement of the state Takings Clause of Article 1, section 19, of the California Constitution.

### SEVENTH CLAIM FOR RELIEF

### (AB 1482's Violation of the Seizure Clause of the Fourth Amendment to the U.S. Constitution)

68. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

- 14 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

69.    AB 1482 requires a nonexempt Owner who wishes to repossess his property to first pay the tenant one month's rent for the right or privilege to do so.

70.    In so doing, AB 1482 mandates the seizure of nonexempt Owners' money for transfer to third parties (tenants), and it does so arbitrarily and capriciously, without any legitimate public purpose.

71.    Consequently, the relocation payment mandated by AB 1482 effects an unreasonable seizure of personal property in violation of the Fourth Amendment.

## EIGHTH CLAIM FOR RELIEF

### (AB 1482's Violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution)

72.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

73.    The Due Process Clause of the Fourteenth Amendment bars government action that does not substantially advance a legitimate state interest, and that is arbitrary and irrational. (U.S. Const. amend. XIV; *Lingle*, 544 U.S. at 542).

74.    Nonexempt Owners under AB 1482, including Plaintiffs, have a protected property right or interest in their personal property, including their money, and in their real property, including their rental-housing properties in the City.

75.    AB 1482 mandates that nonexempt Owners either convey personal property to tenants (i.e., one month's rent) or forgo their right to repossess their own properties. The relocation-payment mandate results in the transfer of private property from one private party to another private party, for the latter's private benefit, and with no conceivable legitimate state purpose. AB 1482 applies retroactively to nonexempt Owners, with no regard to the terms of existing leases and rental agreements that neither contemplate nor provide for such relocation payments. AB 1482 does so without any requirement or condition that tenants use the payment for relocation costs.

76.    AB 1482 does not promote a legitimate state interest and, even if it did, the bill does not substantially advance it. Instead, AB 1482 retroactively and substantially damages Plaintiffs' property rights in order to confer a private benefit on a class of private

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

interests; is arbitrary and capricious; and, therefore, violates the substantive due process rights of Plaintiffs and similarly situated property owners.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for judgment as follows

77. A declaration that the Ordinance is unconstitutional under the Takings Clause of the Fifth Amendment to the U.S. Constitution, because it effects a *per se* taking and/or an unconstitutional condition;

78. A declaration that the Ordinance is unconstitutional, because it violates the Takings Clause of the California Constitution;

79. A declaration that the Ordinance is unconstitutional, because it violates the right to be free from unlawful seizures under the Fourth Amendment to the U.S. Constitution;

80. A declaration that the Ordinance is unconstitutional, because it violates the Due Process Clause of the Fourteenth Amendment.

81. A declaration that AB 1482's relocation-payment mandate is unconstitutional under the Takings Clause of the Fifth Amendment to the U.S. Constitution, because it effects a *per se* taking and/or an unconstitutional condition;

82. A declaration that AB 1482's relocation-payment mandate is unconstitutional, because it violates the Takings Clause of the California Constitution;

83. A declaration that AB 1482's relocation-payment mandate is unconstitutional, because it violates the right to be free from unlawful seizures under the Fourth Amendment to the U.S. Constitution;

84. A declaration that AB 1482's relocation-payment mandate is unconstitutional, because it violates the Due Process Clause of the Fourteenth Amendment;

85. An order permanently enjoining and prohibiting Defendant CITY OF LONG BEACH from enforcing the Ordinance;

86. An order permanently enjoining and prohibiting Defendant GAVIN NEWSOM from enforcing AB 1482;

- 16 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

87. An order awarding attorneys' fees and costs incurred by Plaintiffs, including under 42 U.S.C. § 1988;

88. An order retaining jurisdiction over this action to ensure full compliance with the Court's orders and judgment; and

89. Such other and further relief as the Court deems appropriate and just.


Dated: October 15, 2019                    Respectfully submitted,

**ALSTON & BIRD LLP**

By: /s/ *Paul J. Beard II*
                    PAUL J. BEARD II
Counsel for Plaintiffs
BETTER HOUSING FOR LONG BEACH;
JOANI WEIR

- 17 -
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF